ELISE KOHLER AND OTHERS, PLAINTIFFS, v. JOHN LINDENMEYR, DEFENDANT.

*Special partner — the turning over of notes to the limited partnership is not a payment in cash of special capital — competency of partnership books as evidence.*

In an action brought to charge a special partner with a liability of the firm, because of the alleged falsity of the statement, required by the statute, that the capital contributed by him had been paid in cash, it appeared that before the special partnership was formed there had been in existence a partnership of a like character, in which the present defendant was not a partner, but to which he had loaned money, to secure the repayment of which he had taken the notes of that partnership for the sum of $20,000. These notes he contributed, as special capital to that amount, to the special partnership.

*Held,* that the transaction showed that the sum which the defendant purported to have contributed towards the special partnership had not been paid in cash, and that he was liable for the debts of the firm as a general partner.

In order to establish the fact of the notes of the old firm having been given to the defendant, the books of the old firm were admitted in evidence for that purpose.

*Held,* that the books of the old firm were properly admitted in evidence. (VAN BRUNT, P. J., dissenting.)

Also that entries in the books of the special partnership were competent as against the defendant, who was a special member thereof.

EXCEPTIONS ordered to be heard at the General Term in the first instance, after a verdict directed for the plaintiffs rendered by direction of the court.

The action was tried at the New York Circuit before the court and a jury on February 3, 1890, at which a verdict, in the sum of $1,016.66, was directed in favor of the plaintiffs, and it was ordered that the exceptions be heard in the first instance at the General Term.

*Samson Lackman,* for the plaintiffs.

*Lucien Birdseye,* for the defendant.

BRADY, J. :

The object of this action was to establish the liability of the defendant as a general partner of the firm of P. Lenk & Company, wine dealers. An attempt was made on the 16th of November, 1885, to establish a limited partnership with the defendant Lindenmeyr and Otto Huber as special partners. The action was originally brought against both of these persons, but Huber having died it was

continued against the present defendant, a suggestion of Huber's death having been made upon the record at the time of the trial. The gravamen of the plaintiff's case is the alleged falsity of the statement that the capital furnished by the defendant was contributed in cash as stated in the certificate and affidavit filed under the statute relating to the subject. Upon the trial the plaintiffs sought to establish the averment of falsity suggested, and when they rested a motion was made to. dismiss the complaint; but no grounds were stated of which that motion could be predicated and on which it should be granted. The counsel for the defendant then produced and read in evidence the affidavit of publication from the *World* and *Register* of the statutory certificate and other documents to establish the validity of that performance ; in other words, compliance with the statute relating to the subject, and rested his case. No question was raised about the regularity of that proceeding, the plaintiffs' counsel, as already suggested, resting entirely upon the proposition that the statement of capital contributed was false, the same not having been paid in cash as required by the statute and the adjudications relating to the subject. The objections interposed on behalf of the defendant relate only to the sufficiency and competency of the proof to establish the asserted falsity of the certificate.

It appears conclusively that before the special partnership mentioned was formed there had been in existence another partnership of a like character under the same name of P. Lenk & Co., in which Otto Huber was a special partner but the defendant was not ; that on the 12th of August, 1885, the defendant lent or advanced to that firm $7,000 and received a promissory note of the firm for that amount, and, further, that on the twenty-eighth of September following, he lent or advanced to the firm the further sum of $13,000 and received another promissory note of the firm for that amount ; and it appears from the testimony given on behalf of the plaintiffs, that when the new partnership, of which the defendant was a special partner, was formed he appropriated the notes already mentioned, held by him, amounting, as we have seen, to $20,000, as his capital in the new firm, and this was the mode in which he attempted to comply with the statute and to contribute cash to the new copartnership of which he became a member. These facts could not be proved without resort to the books of the old firm, and they were

used, it is evident, for that purpose, and for that purpose only, that is to say, to prove the giving of the notes mentioned for the sums of $7,000 and $13,000; and the books clearly show the entries of the notes mentioned and the appropriation of notes of a similar amount to the new firm, and not the amount of them in cash or any immediate conversion of them into cash, inasmuch as the amount of cash to the credit of the new firm established, by reference to the books of the new firm, shows conclusively that there was no such sum to its credit on hand or in bank.

The learned counsel for the defendant thinks that these entries were erroneously admitted, inasmuch as the defendant was not a member of the old firm, but they were entries relating to his transactions with the old firm and to his advantage and benefit, and from which, in the absence of any proof to the contrary, it should be presumed that the notes mentioned were issued and delivered to him as stated upon the books. At all events, they were *prima facie* evidence thereof, and there is nothing in the case to gainsay its truthfulness. It may be said, in addition, that if the capital was not contributed in the manner stated, according to the books of the new firm, as shown by Mr. Davidson, sworn on behalf of the plaintiffs, and who was an attorney at law and an accountant, it was not paid at all, because, as already suggested, he shows that the cash on hand on the 16th of November, 1885, and the bank balance united, amounted to but $4,620.83 only. And this evidence was quite sufficient to put the defendant to his answer, which was made only by showing, as already stated, the publication of the notice and other papers required by the statute relating to the formation of special partnerships, nothing more. Under these circumstances, the evidence, properly received, seems to show conclusively that the sum the defendant purports to have contributed in cash was not paid in cash, and he, therefore, became, as a result, a general partner.

It is idle to urge the proposition upon which the counsel for the appellant lays some stress, that the books of the partnership of which the defendant became a member on the 16th of November, 1885, were not under his control and that he could not direct the making, altering or erasing of any entry in the books, even under the original statute as amended by section 17 of chapter 414 of the Laws of 1857. He could not employ or discharge a clerk or book-

keeper or govern him in the performance of any duty or service to the firm perhaps, but he had a right, under that section, from time to time, to examine into the state and progress of the partnership concerns, and might advise as to their management, and should have the same rights and remedies in the respects named in the statute as any other creditor. He might also negotiate sales, purchases and other business of the partnership. He was prohibited, it is true, from transacting business on account of the partnership except as stated in the section, and could not be employed for that purpose as agent, attorney or otherwise; but that he had a perfect right to examine the books within these lines for the purpose of ascertaining what entry had been made with regard to his capital there seems to be no question whatever. In answer to the facts and circumstances arrayed against him in reference to the payment of his capital, as sworn to by him in the certificate, it was incumbent upon the defendant to offer some evidence to overcome it.

It is well established that the entries in partnership books are *prima facie* as between the parties. (*Cheever* v. *Lamar*, 19 Hun, 130; 1 Phillips on Evidence, 449; 2 Wharton on Evidence, § 1132.) And it is said by a learned writer that, in the absence of an express agreement to the contrary, every partner has a right, without the permission of his copartners, to inspect, examine and make extracts from all the books of the firm. (1 Lindley on Partnership, 404; Bates on Partnership, § 978.) As a special partner, as we have seen, he might, from time to time, examine into the state and progress of the partnership concerns, and advise as to their management (1 R. S., 766, § 17; vol. 4 [8th ed.], p. 2495), and he certainly could look after his capital, and he was bound so to do. Strict compliance with the statute in reference to special partnerships is demanded. As said by Judge FOLGER in *Van Ingen* v. *Whitman* (62 N. Y., 520): "The statement of the amount of the cash payment is required so that the public may guage thereby the extent of its dealings with the firm. The affidavit is called for that the public may have reliance upon the existence of the fact of payment. The statute is thwarted, the public is mislead, and its reliance is misplaced and deceived as much when there is an unintentional untruth as when there is an intentional one. This statute does not set out to deal with motives, but with acts and their results; and it guards

the public not by requiring good intentions, but a certain act done in a certain mode, and a true statement that it has been done thus." When the supposed true statement, therefore, is fairly and success-fully impugned as false, it behooves the assailed partner to establish by reasonable evidence that the assault is unwarranted, and the statement true in fact.

For these reasons the exceptions should be overruled and judgment upon the verdict ordered for plaintiff.

DANIELS, J., concurred.

VAN BRUNT, P. J.:

I think that the admission of the entries in the books of the old firm was error. The defendant had nothing to do with those books or the entries therein contained. He was not a partner of the firm whose books they were, and because he subsequently became a special partner he did not become chargeable with notice of the entries which had been made previously in the books of the firm. I, therefore, dissent.

Exceptions overruled and judgment upon the verdict ordered for plaintiff.